■ In the Matter of the Estate of MATTIE WILLIAMS, Deceased. LOTTIE V. WILLIAMS, Appellant-Respondent; STANDARD ACCIDENT INSURANCE COMPANY, Respondent-Appellant.— In a proceeding under section 115-a of the Surrogate's Court Act, to fix and determine the liability of Standard Accident Insurance Company, as surety, and to compel said surety to pay the amounts directed to be paid by its principal under a prior final accounting decree of the Surrogate's Court, Queens County, entered January 24, 1961, the petitioner Lottie V. Williams and the surety cross-appeal as follows from a decree of the Surrogate's Court, Queens County, entered April 21, 1964 upon reargument, on the court's decision after a hearing: (1) The petitioner appeals from so much of the decree as allowed the surety a setoff of $3,221.40, plus interest thereon of $628.17 from January 24, 1961 (the date of entry of the prior accounting decree). (2) The surety appeals from so much of said decree as: (a) denied

to it a credit for one half the amount of certain rents collected by the administratrix *de bonis non*; (b) denied to it a credit for one half the amount of an arithmetical error of $1,000 made in the prior accounting decree; and (c) directed it to pay the interest from January 24, 1961. On petitioner's appeal: Decree, insofar as appealed from, reversed on the law and the facts, and the claim of the surety, Standard Accident Insurance Company, to a setoff disallowed, with costs to the petitioner Lottie V. Williams, payable by the surety. Findings of fact contained in the Surrogate's decision and opinion which may be inconsistent herewith are reversed, and new findings are made as indicated herein. On the surety's appeal: Decree, insofar as appealed from, affirmed, without costs. It is clear from the evidence, from the decree of December 2, 1958 in the Cupid A. Williams estate, and from the final decree of January 24, 1961 on the accounting in *Matter of Williams* [Mattie] (see 15 A D 2d 944, mot. for lv. to app. den. 12 N Y 2d 642) that the $6,442.79 which was the basis of the setoff was never received by petitioner Lottie V. Williams, but was received by Clinton Williams as part of his distributive share in the Mattie Williams estate. Therefore, the setoff was improperly allowed. Although the surety is correct in substance that in the prior accounting decree of January 24, 1961 its principal was improperly charged with certain rents collected by her in her individual capacity, the surety was a party to the accounting proceeding, consented to the entry of the decree, and was a party to the appeal therefrom. Under these circumstances, the surety is not now in a position to complain with respect to substantive matters determined thereby. Nor may the surety obtain relief in this collateral proceeding from the clerical error of $1,000 contained in the prior accounting decree (*Matter of Schaaf*, 12 A D 2d 811; *Matter of Barrett*, 286 App. Div. 289). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.